UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EVA KRAVAR,

               Plaintiff,

         v.

TRIANGLE SERVICES, INC.

               Defendant.

----------------------------------------------------------------x

06-CV-07858 (RJH)

**ECF CASE**

**AFFIDAVIT IN SUPPORT OF STAY OF PROCEEDINGS**

STATE OF NEW YORK  )
                               ) ss.:
COUNTY OF NASSAU  )

MARK N. REINHARZ, being duly sworn deposes and says:

1.    I am a member of Bond, Schoeneck & King, PLLC, counsel for the Defendant, Triangle Services, Inc. ("Defendant" or "Triangle"). I am submitting this affidavit in support of Defendant's motion for a stay of the trial on this action pending its appeal of the District Court's Memorandum and Order entered May 19, 2009.

2.    On or about December 27, 2006, Plaintiff, Eva Kravar ("Plaintiff") filed an amended complaint in this Court alleging that she was discriminated against based on her national origin and disability and retaliated against in violation of her rights under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.* and the American With Disabilities Act, 42 U.S.C. §12101 *et seq.* Claims were also asserted under the New York City Human Rights Law. Triangle denied these allegations and maintained that Plaintiff was not subject to any unlawful discrimination.

3. After Plaintiff filed the complaint, Triangle immediately moved to dismiss based on the fact that the matter should be arbitrated pursuant to the parties' collective bargaining agreement. *See* Docket Entries 10-12.

4. Defendant, through the Realty Advisory Board on Labor Relations, has entered into a series of collective bargaining agreements with Service Employees International Union Local 32BJ, AFL-CIO. The collective bargaining agreement covering the periods 2004-2007 provided in relevant part as follows:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, New Jersey Law Against Discrimination, New Jersey Conscientious Employee Protection Act, Connecticut Fair Employment Practices Act, or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination

*See* April 22, 2009 Affidavit of Mark N. Reinharz.

5. Defendant's motion to compel was denied by this Court in a Memorandum and Order dated September 17, 2007. *See Kravar v. Triangle Services, Inc.*, 509 F. Supp. 2d 407 (S.D.N.Y. 2007) (Docket Entry 20). The Court's decision was largely based on the August 1, 2007 decision issued by the United States Court of Appeals for the Second Circuit, *Pyett v. Penn Plaza*, 498 F.3d 88 (2d Cir. 2007), which held that union negotiated waivers of a right to litigate certain federal and state statutory claims in a judicial forum were unenforceable. For example, this Court noted:

> In both *Rogers* [*v. New York University*, 220 F.3d 73 (2d Cir. 2000)], and *Pyett*, the Second Circuit affirmed rulings that a union-

>negotiated CBA that waived plaintiff's right to pursue statutory claims in a judicial forum was unenforceable with respect to plaintiff's claims brought under both federal laws and analogous state and city discrimination laws, drawing no distinction between the statutory source of the rights.

507 F. Supp. 2d at 408.

6.  On March 27, 2009 this Court granted in part and denied in part the Defendant's motion for summary judgment. The Court dismissed all of Plaintiff's national origin and retaliation claims. See Kravar v. Triangle Services, Inc., 2009 WL 805808 (S.D.N.Y. 2009). It has allowed Plaintiff's disability claims to proceed to trial.

7.  On April 1, 2009 the United States Supreme Court reversed the decision of the Second Circuit in Pyett and held that such arbitration provisions in collective bargaining agreements are in fact enforceable. See 14 Penn Plaza LLC v. Pyett, 556 U.S. ___, 129 S. Ct. 1456 (2009).

>Examination of the two federal statutes at issue in this case, therefore, yields a straightforward answer to the question presented: The NLRA provided the Union and the RAB with statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to federal age-discrimination claims in the ADEA. Accordingly, there is no legal basis for the Court to strike down the arbitration clause in this CBA, which was freely negotiated by the Union and the RAB, and which clearly and unmistakably requires respondents to arbitrate the age-discrimination claims at issue in this appeal. Congress has chosen to allow arbitration of ADEA claims. The Judiciary must respect that choice.

129 S. Ct. at 1466.

8.  The Court also squarely rejected the claims that had been raised by the plaintiff herein to this Court in 2007 relating to the first motion to dismiss/compel. The Plaintiff in Pyett argued that the arbitration process was "unfair" because the union controlled the procedure. This argument was considered to have little merit by the Court.

> The conflict-of-interest argument also proves too much. Labor unions certainly balance the economic interests of some employees against the needs of the larger work force as they negotiate collective-bargain agreements and implement them on a daily basis. But this attribute of organized labor does not justify singling out an arbitration provision for disfavored treatment. This "principle of majority rule" to which respondents object is in fact the central premise of the NLRA. *Emporium Capwell Co. v. Western Addition Community Organization*, 420 U. S. 50, 62 (1975). "In establishing a regime of majority rule, Congress sought to secure to all members of the unit the benefits of their collective strength and bargaining power, in full awareness that the superior strength of some individuals or groups might be subordinated to the interest of the majority." Ibid. (footnote omitted); *see also Ford Motor Co. v. Huffman*, 345 U. S. 330, 338 (1953) ("The complete satisfaction of all who are represented is hardly to be expected"); *Pennsylvania R. Co. v. Rychlik*, 352 U. S. 480, 498 (1957) (Frankfurter, J., concurring). It was Congress' verdict that the benefits of organized labor outweigh the sacrifice of individual liberty that this system necessarily demands. Respondents' argument that they were deprived of the right to pursue their ADEA claims in federal court by a labor union with a conflict of interest is therefore unsustainable; it amounts to a collateral attack on the NLRA.

129 S. Ct. at 1472. Thus, the claim that the procedure was unfair to individuals was specifically raised but rejected by the Supreme Court.

9.      After the decision was issued by the Court, Defendant sought to move to compel arbitration once more. In a Memorandum and Order entered on May 19, 2009, the Court denied the Defendant's motion to compel. Rather, the Court held that under the facts of this case, arbitration was not warranted. The Court, interpreting the contract concluded that only the Union could bring claims to arbitration and that her Union representative precluded her form doing so.

> The current record is sparse, but it only supports a single conclusion: The CBA here operated to preclude Ms. Kravar from raising her disability-discrimination claims in any forum. As such, the CBA operated as a waiver over Ms. Kravar's substantive rights, and may not be enforced. *See Pyett*, 129 S. Ct. at 1474; Gilmer, 500 U.S. at 29.

4

2009 WL 1392595 * 3 (S.D.N.Y. 2009).

10.   On June 1, 2009 Triangle filed a notice of appeal in this matter. The case has been assigned Docket Number 09-2332-cv by the Circuit Court.

11.   The issue on appeal is whether the District Court erred in its conclusion that "CBA here operated to preclude Ms. Kravar from raising her disability-discrimination claims in any forum." Triangle maintains that the question of whether the agreement is unenforceable by its terms should have been interpreted by an arbitrator or, alternatively, that the District Court misconstrued the agreement and applicable law in holding that the agreement was enforceable.

/s/ Mark N. Reinharz
Mark N. Reinharz (MNR 6201)

Sworn to before me this
10th day of June, 2009.

   /s/ Karin Bailey
   Notary Public
State of New York No. 31-4916675
Qualified in Nassau County
Commission Expires on 12/28/09

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2009, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

    GISKAN, SOLOTAROFF, ANDERSON & STEWART, LLP
    11 Broadway, Suite 2150
    New York, New York 10004

                                        /s/ Mark N. Reinharz
                                        Mark N. Reinharz (MNR 6201)
                                        Attorneys for the Defendant
                                        1399 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        (516) 267-6320
                                        mreinharz@bsk.com