UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EVA KRAVAR,

                                                06-CV-07858 (RJH)

                              Plaintiff,

              v.                                **REPLY AFFIDAVIT OF**
                                                **MARK N. REINHARZ  IN**
TRIANGLE SERVICES, INC.,                        **SUPPORT OF STAY**

                              Defendant.

-----------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

MARK N. REINHARZ, being duly sworn deposes and says:

    1.   I am a member of Bond, Schoeneck & King, PLLC, counsel for the Defendant Triangle Services, Inc. ("Triangle") in the above-captioned matter.  I submit this brief reply affidavit in further support of Triangle's request that this matter be stayed pending appeal of the District Court's May 19, 2009 order denying Triangle's motion to compel arbitration of this matter.

    2.   I recently obtained a copy of a June 18, 2009 letter signed by the Realty Advisory Board ("RAB") and SEIU Local 32BJ ("Union"). The letter clearly states that the Union and the RAB will be arbitrating the very same issue to be decided by the United States Court of Appeals, specifically whether the Plaintiff may be precluded by the Union from litigating her discrimination claims in an arbitral forum.

    3.   As is plainly set forth in the letter, the Union and RAB have completely different views on this issue. The letter summarizes the positions as follows:

> In sum, the RAB's position is that this provision binds Local 32BJ members to arbitrate all statutory employment claims against the Employer whether or not Local 32BJ chooses to bring the claim on behalf of the employee. Local 328J, *inter alia*, believes this provision only mandates arbitration of those statutory claims that the Union chooses to pursue on behalf of its members, and does not require employees to arbitrate statutory claims that the Union elects not to pursue.

Exhibit 1

4.    If the arbitrator rules that under the agreement an individual may avail himself/herself

of the arbitration procedures despite the Union's position on the issue, then there would be no

reason why Ms. Kravar could not arbitrate her case in this matter, independent of the Union.

5.    While I have been advised that no firm date has been set for this matter, I have been

told that the parties are trying to schedule the matter for some time this summer.

6.    In light of the foregoing and in addition to the reasons previously set forth by the

Defendant, the matter should be stayed until the arbitration of this matter is decided.

_____
Mark N. Reinharz

Sworn to before me this
10th day of July 2009.

_____
Notary Public

KARIN BAILEY
Notary Public, State of New York
No. 31-4916875
Qualified in Nassau County
Commission Expires December 28, 18 2009

2

# EXHIBIT 1

# Realty Advisory Board on Labor Relations, Incorporated

292 Madison Avenue, New York, N.Y. 10017
Telephone:(212) 889-4100 Facsimile:(212) 889-4105 Web: www.rabolr.com

June 18, 2009

**Officers**

Edward A. Riguardi
*Chairman*

Jonathan D. Green
*Vice-President*

Eric Rudin
*Vice President*

John J. Whalen
*Treasurer*

Seymour Zuckerman
*Secretary*

**Directors**
*Residential Division*
KENNETH ABELSON
*Gumley-Haft, Inc.*
MITCHELL BARRY
*Century Operating Corporation*
PAUL BRENSILBER
*Jordan Cooper Management*
JEFFREY BRODSKY
*Related Management Corp.*
RITA C. CHU
*East 67th Street Tenants Corp.*
MARTIN GOODSTEIN
*Goodstein Management, Inc.*
PAUL GREEN
*Green & Balziger*
ANDREW HOFFMAN
*Hoffman Management*
JACK LEVY
*Rose Associates, Inc.*
JEFFREY MANOCHERIAN
*Manocherian Brothers*
BRIAN McCARTHY
*Samson Management Corp.*
CHARLES MEHRJAN
*The Lefrak Organization*
JAMES V. O'CONNOR
*Douglas Elliman Property Management*
MARY ANN ROTHMAN
*Council of NY Cooperatives*
JOHN SICREE
*Brown, Harris, Stevens*
EUGENE WEBB
*Webb & Brooker, Inc.*
JONATHAN S. WEST
*Greenfeld Realty Partners, LLP*
SEYMOUR ZUCKERMAN
*Zuckerman & Woldorf, Inc.*

**Directors**
*Commercial Division*
ASHER BERNSTEIN
*Bernstein Real Estate*
THOMAS CANCELLIERE
*Trinity Real Estate*
CHI CHU
*Silverstein Properties, Inc.*
PETER L. DICAPUA
*Sino Properties & Management, Inc.*
LOUIS ESPOSITO
*The Durst Organization, Inc.*
JONATHAN D. GREEN
*Rockefeller Center Management, Inc.*
THOMAS HILL
*Boston Properties, Inc.*
DANIEL KNEBERGH
*Brookfield Properties, Inc.*
BART McDADE
*Grubb & Ellis Management Services, Inc.*
MICHAEL NORTON
*Tishman Speyer Properties*
EDWARD PICCINICH
*S.L. Green Properties, Inc.*
GREGG POPKIN
*CB Richard J Ellis, Inc.*
JONATHAN RESNICK
*Jack Resnick & Sons, Inc.*
EDWARD A. RIGUARDI
*Jones Lang LaSalle,*
JOHN SANTORA
*Cushman & Wakefield, Inc.*
GASTON SILVA
*Vornado Realty Trust*
JOHN J. WHALEN
*Fisher Brothers*
MORRIS WIESENBERG
*RFR Realty LLC*

**Director-at-Large**
ERIC RUDIN
*Rudin Management Co., Inc.*

**Chairmen Emeritus**
EDWARD F. GALAHER
*William A. White/Grubb & Ellis, Inc.*
CHARLES C. QUINN
*Grubb & Ellis Management Services, Inc.*

James F. Berg
*President*

Howard I. Rothschild
*Executive Vice-President*

Proskauer Rose LLP
*General Counsel*

Michael Fishman
President
SEIU, Local 32BJ
101 Avenue of the Americas
New York, New York 10013

RE: *Arbitration Demand Regarding the Interpretation of the Parties' No-Discrimination Provision After the U.S. Supreme Court's Decision in 14 Penn Plaza v. Pyett*

Dear Mike,

I write pursuant to the relevant arbitration provisions of the Commercial Building, Contractors and Residential Building Agreements between the Realty Advisory Board on Labor Relations, Inc. and Service Employees International Union Local 32BJ (the "Agreements") to demand arbitration regarding the interpretation of the No-Discrimination provisions and its interplay with the Grievance/Arbitration provisions of the Agreements.

On April 1, 2009 the United States Supreme Court decided *14 Penn Plaza v. Pyett.* Notwithstanding that decision, our recent conversations have demonstrated that the RAB and Local 32BJ have a disagreement over the scope and interpretation of these provisions.

In sum, the RAB's position is that this provision binds Local 32BJ members to arbitrate all statutory employment claims against the Employer whether or not Local 32BJ chooses to bring the claim on behalf of the employee. Local 32BJ, *inter alia*, believes this provision only mandates arbitration of those statutory claims that the Union chooses to pursue on behalf of its members, and does not require employees to arbitrate statutory claims that the Union elects not to pursue.

Having proceeded through the grievance process without reaching a resolution, the RAB and Local 32BJ now have agreed that arbitration is the proper forum to resolve this dispute between us. To ensure a quick and efficient resolution, the parties have agreed to jointly select an appropriate arbitrator and to schedule a hearing date as soon as practicable.

Sincerely,

James F. Berg, Esq.
President, RAB

We agree to go to arbitration, as stated above.

Signature

MIKE FISHMAN
Print name

cc.:    Larry Engelstein, Esq.
       Paul Salvatore, Esq.

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2009, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

GISKAN, SOLOTAROFF, ANDERSON & STEWART, LLP
11 Broadway, Suite 2150
New York, New York 10004

Mark N. Reinharz (MNR 6201)
Attorneys for the Defendant
1399 Franklin Avenue, Suite 200
Garden City, New York  11530
(516) 267-6320
mreinharz@bsk.com

65253.1 6/11/2009