UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: *10/7/09*

EVA KRAVAR,

Plaintiff,

- against -

TRIANGLE SERVICES, INC.,

Defendant.

06 Civ. 07858

**ORDER**

Richard J. Holwell, District Judge:

By memorandum and order dated May 19, 2009, this Court denied defendant's motion to compel arbitration, and it directed the parties to submit a joint pre-trial order by June and begin preparations for trial. On June 1, the defendant gave the Court notice that it had appealed the May 19 decision to the Second Circuit, pursuant to 9 U.S.C. § 16(a)(1)(A) and (B). On June 10, the defendant moved to stay the proceedings pending resolution of its interlocutory appeal.

Defendant makes two arguments in support of its motion. First, it claims that the interlocutory appeal divested this Court of jurisdiction of further proceedings because they are "involved in the appeal." Second and alternatively, it argues that the Court should exercise its discretion to stay further proceedings until the appeal has been resolved.

As to the first argument, the Court disagrees with the defendant's assessment of Second Circuit law. The Second Circuit has said that a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kidder, Peabody & Co. v. Maxus*

1

*Energy Corp.*, 925 F.2d 556, 564 (2d. Cir. 1991). The question here is whether trying a case on the merits is "involved in" the appeal of an order denying arbitration. On that question, the Court believes the Second Circuit has made its position clear: "further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and . . . a district court therefore has jurisdiction to proceed with a case absent a stay from [the Second Circuit]." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004).

This Court has jurisdiction to proceed with trial, but, as defendant argues, it can exercise its discretion to choose not to do so. The Supreme Court has recognized this discretion. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.").

Here, the interest in judicial economy weighs heavily in favor of granting defendant's motion for a stay pending resolution of its interlocutory appeal to the Second Circuit. It would waste the parties' and the Court's time and resources to proceed with a trial that might turn out to be unnecessary. *See United States v. Clark*, No. 87 Cr. 49, 1987 WL 13273, at \*3 (S.D.N.Y. June 30, 1987). In similar circumstances, courts in this District have stayed the proceedings and awaited a decision on the appeal—even in cases where the district court believed the finding being appealed did not present a close question. See *Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999)

(granting stay pending appeal of district court's refusal to compel arbitration, even while noting that the appellant's arguments to compel arbitration seemed "wholly unconvincing"). As an additional consideration, "[a] district court must be careful not to undermine th[e] policy [underlying 9 U.S.C. § 16] by pushing forward with a case in the face of a pending appeal from the denial of arbitration . . . ." *Id.*; *see Satcom Int'l Group PLC v. Orbcomm Int'l Partners L.P.*, 55 F. Supp. 2d 231, 237 (S.D.N.Y. 1999) ("the statutory objective of Section 16(a) [is] to promote arbitration"). Finally, the Court believes that a stay will not unduly prejudice the plaintiff, particularly "in light of the fact that any award [s]he might obtain at trial will likely be provisional," *Beljakovic v. Melohn Props., Inc.*, No. 04 Civ. 3694, slip op. at 2 (S.D.N.Y. April 17, 2008) (Holwell, J.), pending the outcome of the interlocutory appeal.

Accordingly, the Court grants defendant's motion to stay these proceedings **[66]** until the Second Circuit issues a decision in *Kravar v. Triangle Servs., Inc.*, No. 09-2332-cv, on the finding defendant has appealed.

SO ORDERED.

Dated: New York, New York
October 2, 2009

Richard J. Holwell
United States District Judge

3